Marcelo Gondim, SBN 271302
Gondim Law Corp.
1880 Century Park E, Suite 400
Los Angeles, CA 90067
Telephone: 323-282-7770
Email: court@gondim-law.com

Counsel for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIANNE EVELYN HERCULANO FAUSTINO STEIDL<br><br>Plaintiff,<br><br>vs.<br><br>KRISTI NOEM, ET AL.<br><br>Defendants. | No.  3:25-cv-02905-GPC-DDL<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION**<br><br>Judge: Hon. Gonzalo Curiel<br>Date Action Filed: 10/27/2025<br><br>Trial Date: Not Yet Set |

## *PETERS V. BARR* AND RELIANCE ON ERRONEOUS LEGAL ADVICE

Under the Ninth Circuit's jurisdiction, reliance on incorrect advice from a paralegal, legal assistant, or other representative of a law firm may satisfy the ineffective assistance of counsel standard established in *Matter of Lozada* when the procedural requirements are substantially met. The Board of Immigration Appeals (BIA) in *Matter of Lozada* requires petitioners alleging ineffective assistance of counsel to: (1) submit an affidavit detailing the agreement with counsel; (2) inform counsel of the allegations and provide an opportunity to respond; and (3) file a complaint with the appropriate disciplinary authority or explain why such a complaint was not filed *Iturribarria v. INS*, 321 F.3d 889 (9th Cir. 2003), *Rojas-Garcia v. Ashcroft*, 339 F.3d 814 (9th Cir. 2003). The Ninth Circuit has held that substantial compliance with these requirements is sufficient when the purpose of *Lozada* ensuring a legitimate and substantial basis for the claim is fully served *Rojas-Garcia v. Ashcroft*, 339 F.3d 814 (9th Cir. 2003), *Fong Yang Lo v. Ashcroft*, 341 F.3d 934 (9th Cir. 2003).The Ninth Circuit has also recognized that reliance on the deficient advice of an attorney's agent, such as a paralegal or legal assistant, may meet the standard for exceptional circumstances under 8 U.S.C. 1229a(b)(5)(C)(i), particularly when the agent's role is closely tied to the attorney's professional obligations *Hernandez v. Mukasey*, 524 F.3d 1014 (9th Cir. 2008). While the court has distinguished between attorneys and non-attorney immigration consultants, it has emphasized the importance of the attorney's professional standards and legal obligations in assessing claims of ineffective assistance *Hernandez v. Mukasey*, 524 F.3d 1014 (9th Cir. 2008). This distinction underscores that individuals who reasonably rely on the advice of a law firm's representative, acting under the attorney's authority, may invoke the protections afforded under *Lozada*. Furthermore, the Ninth Circuit has acknowledged exceptions to the strict application of *Lozada* requirements in cases where procedural deficiencies do not undermine the

legitimacy of the claim. For instance, the court has permitted claims to proceed despite technical noncompliance with *Lozada* when the record demonstrates that the petitioner suffered prejudice as a result of the deficient advice *Rosales v. Barr*, 980 F.3d 716 (9th Cir. 2020), *Fong Yang Lo v. Ashcroft*, 341 F.3d 934 (9th Cir. 2003). This approach aligns with the principles outlined in *Peters v. Barr*, 954 F.3d 1238 (9th Cir. 2020), which recognizes that procedural flexibility may be warranted in cases involving non-attorney representatives, provided the petitioner can establish a plausible claim of prejudice.

Here, plaintiff hired what she thought to be (Exhibit 1) a reputable law firm called Hayman Woodward which, in its contract (Exhibit 2), describes itself as:

> HAYMAN-WOODWARD PLLC is an immigration and tax law firm headquartered in Washington - DC, (...)

The plaintiff's inability to maintain lawful status was directly caused by her reasonable reliance on legal advice provided by a representative of a law firm and such advice turned out to be wrong and caused severe harm to firm. This reliance meets the plaintiff. Such harm, being a direct result of the wrong legal advice meets the "no fault of her own" exception, as the standard plaintiff acted in *Peters v. Barr*. The law firm's representative, although not himself a licensed attorney, was representing a law firm. Advice given by representatives on behalf of law firms such as paralegals and legal assistants is considered legal advice. Courts have found that individuals who consult professionals to ensure compliance with immigration rules cannot be penalized for errors made by those professionals, provided the reliance was reasonable. The plaintiff's circumstances, shaped by the advice she received from counsel, meet the *Peters vs. Barr* standard.

# THE DENIAL OF THE I-485 APPLICATION IS SUBJECT TO JUDICIAL REVIEW UNDER 8 U.S.C. 1252(A)(2)(D)

While 8 U.S.C. 1252(a)(2)(B)(i) precludes judicial review of discretionary decisions, 1252(a)(2)(D) explicitly preserves judicial review for constitutional claims and questions of law. *Wilkinson v. Garland*, 601 U.S. 209, 144 S. Ct. 780 (2024). Courts have consistently interpreted this provision to include mixed questions of law and fact, where the application of a legal standard to established facts is at issue *Guerrero-Lasprilla v. Barr*, 589 U.S. 221, 140 S. Ct. 1062 (2020), *Wilkinson v. Garland*, 601 U.S. 209, 144 S. Ct. 780 (2024).

The plaintiffs challenge involves the interpretation and application of the no fault of her own exception, making it reviewable under 1252(a)(2)(D). The denial, based premised on an alleged failure to maintain lawful status, disregards the well-established "no fault of her own" exception under INA 245(c)(2) the law and fails to account for consider the plaintiff's reasonable reliance on erroneous legal advice provided by from a law firm.

Under the APA, an agency action is arbitrary and capricious if it fails to consider an important aspect of the problem or offers an explanation that runs counter to the evidence before the agency *Ursack, Inc. v. Sierra Interagency Black Bear Grp.*, 639 F.3d 949 (9th Cir. 2011). Here, USCIS's denial of the I-485 application ignored the applicant's reliance on erroneous legal advice, a factor that courts have deemed relevant to the "no fault of her own" exception. *Peters v. Barr*, 954 F.3d 1238 (9th Cir. 2020). This failure demonstrates a lack of rational connection between the facts and the agency's conclusions, warranting judicial review and reversal of the decision *Ursack, Inc. v. Sierra Interagency Black Bear Grp.*, 639 F.3d 949 (9th Cir. 2011).

The Ninth Circuit has jurisdiction to review USCIS's denial of the I-485 application because the decision involves a question of law namely, the interpretation and application of the

"no fault of her own" exception under INA 245(c)(2). The presumption favoring judicial review applies with particular force in this context, as USCIS's failure to consider relevant legal arguments undermines the integrity of the administrative process *Poursina v. United States Citizenship & Immigration Servs.*, 936 F.3d 868 (9th Cir. 2019).

Judicial review of both the legal and mixed questions in this case intervention is essential to uphold congressional intent, protect the rights of the plaintiff, and ensure the administrative process comports with principles of fairness and adherence to statutory interpretation. In this case, USCIS did not base its decision on fact finding but on legal implications of such facts, which makes it an erroneous legal analysis and misapplication of the statute, which, by itself, authorizes judicial review outside the scope of *Patel v. Garland*.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant her Motion for a Temporary Restraining Order and Preliminary Injunction.

Respectfully submitted on December 12, 2025.

Marcelo Gondim (SBN 271302)
Gondim Law Corp.
1880 Century Park E, Suite 400
Los Angeles, CA 90067
Phone: (323) 282-7770
Email: Court@gondim-law.com

Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2025, I electronically filed the foregoing PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION by using the CM/ECF system, in accordance with U.S. District Court for the Central District of California's CM/ECF Administrative Procedures and Local Rules. Notice of this filing will be sent out to all parties by operation of the Court's electronic filing system.

Marcelo Gondim (SBN 271302)
Gondim Law Corp.
1880 Century Park E, Suite 400
Los Angeles, CA 90067
Phone: (323) 282-7770
Email: Court@gondim-law.com

Counsel for Plaintiffs

# EXHIBIT 1

Marcelo Gondim, SBN 271302
Gondim Law Corp.
1880 Century Park E, Suite 400
Los Angeles, CA 90067
Telephone: 323-282-7770
Email: court@gondim-law.com
Counsel for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RIANNE EVELYN HERCULANO FAUSTINO STEIDL**<br><br>Plaintiff,<br><br>vs.<br><br>**KRISTI NOEM, ET AL**<br><br>Defendants. | No. 2<br><br>**REVISED AFFIDAVIT IN SUPPORT OF PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION** |

I, Rianne Evelyn Herculano Faustino Steidl, being duly sworn, depose and state as follows:

1. I am a Plaintiff in the above-captioned matter. I am a Brazilian national, currently residing in the United States. I lawfully entered the United States on January 24, 2016, under F-1 student status, which authorized me to remain in the United States for the duration of my studies.

2. In 2018 I hired Hayman Woodward to represent me and guide me through my immigration process. I believed that such law firm was very reputable and I would follow any advice coming from such firm.

3. On August 3, 2018, I filed Form I-140, Immigrant Petition for Alien Worker (SRC1890594487), and concurrently filed Form I-485, Application to Register Permanent Residence or Adjust Status (SRC1890594488).

4. Due to an acknowledged USCIS error, my I-140 petition was erroneously denied on October 16, 2020, which in turn led to the denial of my I-485. USCIS later reopened my I-485 *sua sponte* on May 22, 2024, but once again denied it on May 5, 2025.

5. During the pendency of my first application, and under the guidance of prior counsel, I traveled abroad on advance parole on January 31, 2019, and returned lawfully on February 4, 2019. I have continuously remained in lawful presence since that time.

6. Relying on my previous counsel's guidance, I filed a second I-140 and I-485 on January 25, 2021. The I-140 was approved on May 23, 2023, but the I-485 was denied on July 16, 2024, for alleged failure to maintain lawful status, an issue that arose solely due to erroneous legal advice and improper representation, not through any fault of my own.

7. Hayman Woodward through its representative, failed to properly advise me regarding my nonimmigrant status maintenance obligations. I have submitted documentation and complaints consistent with the *Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988), framework to show that my failure to maintain status was due to ineffective and improper assistance, not personal negligence.

8. My husband, Edson Steidl, is the beneficiary of the pending application. Following USCIS's most recent denial, he has lost his employment authorization, can no longer work lawfully, and our family has lost our primary source of income, my husband and me.

9. As a direct result, we are now unable to sustain ourselves financially. We cannot pay rent, utilities, and other basic living expenses, and we are at risk of losing our home.

10. On October 21, 2025, we received a notification from USCIS stating that our Forms I-765, Applications for Employment Authorization, were being revoked. As a result, both my husband and I lost our authorization to work in the United States effective immediately.

11. We are unable to renew our driver's licenses, leaving us without lawful ability to drive to work, medical appointments, or to transport our children.

12. Our family currently has no health insurance, and we are unable to afford medical care or prescriptions. This situation poses a serious risk to our children's health and well-being.

13. We have minor children who have lived in the United States since early childhood. Our daughter, who arrived at age three, has learned to read and write in English and cannot read or write Portuguese well. She considers the United States her home.

14. We have done everything within our ability to comply with immigration law, maintain lawful status, and respond to every USCIS request in good faith.

15. My family and I am now accruing unlawful presence since May 5, 2025, and have only until November 1, 2025, to leave the United States without being inadmissible to the US for 3 years.

16. We live in constant fear that ICE could arrest or detain us at any moment, as our lawful presence is no longer protected. If either of us is detained or removed, there will be no one to care for our children, who are fully integrated in the United States and rely on us entirely for their safety and well-being.

17. We will also need to break our lease, dispose off our furniture and return to Brazil where we don't have jobs nor sources of income.

18. The balance of hardships strongly favors granting this injunction, as allowing me to continue working will not harm Defendants but will prevent **severe and irreparable harm** to me and my family.

19. Granting the injunction also serves the public interest, as it ensures that individuals like myself, who have been legally working and contributing to society, can maintain their employment and stability while their cases are adjudicated.

20. I respectfully request that the court issue an order to enjoin the Defendant, United States Citizenship and Immigration Services (USCIS), and any agents, employees, or representatives thereof, from enforcing the decision denying the I-485 application filed on my behalf and my family.

21. Granting this request would allow me to continue residing in the United States without accruing unlawful presence and to work with a valid I-485 and I-765 status while this case remains pending.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Date: December 11, 2025

Rianne Evelyn Herculano Faustino Steidl

# EXHIBIT 2

DocuSign Envelope ID: 219AFE42-63CB-47F5-8A20-66B763B48B4B



| | | |
|---|---|---|
| **Mr(s).:** Rianne Steidl | | **Lead:** 1973 |
| **Email:** edson.steidl@gmail.com | | |
| **City/ST:** Orlando/Florida | | |

** THIS PROPOSAL IS VALID FOR 7 (SEVEN) DAYS**

**Re: Engagement letter.**

Dear Mr(s).

Thank you for your interest in our services.

Following our meeting where you outlined your needs regarding your proposed permanent move to the United States of America, we hereby send you our proposed services.

HAYMAN-WOODWARD PLLC is an immigration and tax law firm headquartered in Washington - DC, affiliated with HAYMAN-WOODWARD CORP a global business consulting and expatriation advisory firm which has been assisting clients in four continents since 1996; providing them with complete solutions for their specific personal and business needs. Amongst a multitude of services, we provide, background checks, financial and tax advisory, estate planning, security and contingency, investigative services, conflict resolution, expatriation advisory, complex negotiations and mediation just to name a few of the services we have identified you and your family will benefit from. All of these services will be provided to you on a case-by-case basis, without the need of ongoing fees and permanent retainers.

Our services have been fundamentally crucial on the successful expatriation plans and settlements on behalf of many clients in similar situations you are currently facing, and we are certain we will be able to attain the best outcome possible for you and your family.

Our current clientele is made of diverse backgrounds that include Fortune 500 and startups alike, as well as financially independent well-established individuals and government agencies around the world. Our staff is made of experts with a minimum of 15 years' experience in their fields; and they are located in the four continents, covering a multitude of clients and marketplaces.

Based on the information you provided us during our initial meeting; we are pleased to offer you our expertise and assistance in <u>immigration law services & business advisory consulting services</u>.

It is our assessment that the best course of action for your case, will be to assist you in obtaining an **Employment-Based Immigration: I-140 Immigrant Petition for Alien Worker**, This application comprises the main applicant, X spouse, 0 child(ren) between 14 and 21 years of age and 2 child(ren) under 14 years of age.

Employment-Based Immigration: **Second Preference EB-2 (E21 Category)**

You may be eligible for an employment-based, second preference visa if you are a member of the professions holding an advanced degree or its equivalent, or a foreign national who has exceptional ability. Below are the occupational categories and requirements:

[DocuSigned signature: RS]

HAYMAN-WOODWARD PLLC. *   |   Address: 2200 Pennsylvania Avenue, NW, 4th Floor East, Washington, DC 20037   |   Phone: +1 (202) 753-4133   |   Web: www.HW.Legal
- *Law Firm – Practice Limited to Immigration and Federal Tax Laws*

DocuSign Envelope ID: 219AFE42-63CB-47F5-8A20-66B763B48B4B



**Eligibility Criteria**

| Category | Description | Evidence |
|---|---|---|
| Advanced Degree | The job you apply for must require an advanced degree and you must possess such a degree or its equivalent (a baccalaureate degree plus 5 years progressive work experience in the field). | Documentation, such as an official academic record showing that you have a U.S. advanced degree or a foreign equivalent degree, *or* an official academic record showing that you have a U.S. baccalaureate degree or a foreign equivalent degree and letters from current or former employers showing that you have at least 5 years of progressive post-baccalaureate work experience in the specialty. |
| Exceptional Ability | You must be able to show exceptional ability in the sciences, arts, or business. Exceptional ability "means a degree of expertise significantly above that ordinarily encountered in the sciences, arts, or business." | You must meet at least three of the criteria below.* |
| National Interest Waiver | Aliens seeking a national interest waiver are requesting that the Labor Certification be waived because it is in the interest of the United States. Though the jobs that qualify for a national interest waiver are not defined by statute, national interest waivers are usually granted to those who have exceptional ability (see above) and whose employment in the United States would greatly benefit the nation. Those seeking a national interest waiver may self-petition (they do not need an employer to sponsor them) and may file their labor certification directly with USCIS along with their Form I-140, Petition for Alien Worker. | You must meet at least three of the criteria below* and demonstrate that it is in the national interest that you work permanently in the United States. |

**\* Criteria**
- Official academic record showing that you have a degree, diploma, certificate, or similar award from a college, university, school, or other institution of learning relating to your area of exceptional ability
- Letters documenting at least 10 years of full-time experience in your occupation
- A license to practice your profession or certification for your profession or occupation
- Evidence that you have commanded a salary or other remuneration for services that demonstrates your exceptional ability
- Membership in a professional association(s)
- Recognition for your achievements and significant contributions to your industry or field by your peers, government entities, professional or business organizations
- Other comparable evidence of eligibility is also acceptable.



HAYMAN-WOODWARD PLLC. *   |   Address: 2200 Pennsylvania Avenue, NW, 4th Floor East, Washington, DC 20037   |   Phone: +1 (202) 753-4133   |   Web: www.HW.Legal

• *Law Firm – Practice Limited to Immigration and Federal Tax Laws*

DocuSign Envelope ID: 219AFE42-63CB-47F5-8A20-66B763B48B4B



**Work Permit & Advance Parole**
If you chose to apply for adjustment of status as a permanent resident in the United States and your priority date is current in the Department of State's Visa Bulletin website; you may be entitled to receive a temporary work authorization as well as advance parole privileges allowing you to travel abroad and return to the united states, without having your case considered abandoned. This option is **not available** if you chose to have your immigrant visa issued in a U.S. Consulate or Embassy abroad (Consular Processing).

**Interview**
An interview may be required to demonstrate eligibility for permanent residence. If an interview is required you will receive an appointment notice telling you when and where to appear for your interview.
If the interview is scheduled in the United States and within a 25 mile-radius of any of our local offices, you may select to have one of our attorneys accompany you, for a daily fee of **$1,000.00.**

**Appeal in Case of a Denial:**
If your application for permanent residence is denied, you will receive a letter that will tell you why the application was denied. If the immigration judge decides to remove you from the country, you may appeal this decision. Generally, you may appeal within 30 days after the immigration judge decides to remove you from the country. After your appeal form and a required fee are processed, the appeal will be referred to the Board of Immigration Appeals in Washington, D.C.

Below you will find our SERVICE OFFER and SCOPE OF WORK

> **Meeting & Services Engagement:** While our first consultation meeting was just short of one hour, it may be followed by a more comprehensive, confidential and in-depth interview in which our team will discuss a multitude of issues and ascertain the basis of our assessment, develop a proper case analysis of your expatriation endeavor and strategize the expatriation steps together with our US expatriation team.
>
> **Immigration Petition Procedure:** Based on our initial interview and/or assessment of the initial information you provided to us, we have ascertained the possibility of obtaining permanent residence in the United States through an Employment Based Immigrant Petition. <u>We are hereby accepting to represent you on this case, solely based on the information and representations you've made to us, regarding your background, achievements, academic records and general admissibility into the United States of America. It is your sole responsibility to provide us with evidence to corroborate your claims.</u>
>
> **Legal Services Related to Immigration and Visa Application:** HAYMAN-WOODWARD PLLC's attorneys shall file the visa application on your behalf and drive the application to its administrative conclusion. You may, however, chose to have one of our attorneys accompany you on any interviews or hearings with USCIS / ICE / Immigration Court, for an additional fee.



HAYMAN-WOODWARD PLLC. *   |   Address: 2200 Pennsylvania Avenue, NW, 4th Floor East, Washington, DC 20037   |   Phone: +1 (202) 753-4133   |   Web: www.HW.Legal

• *Law Firm – Practice Limited to Immigration and Federal Tax Laws*

DocuSign Envelope ID: 219AFE42-63CB-47F5-8A20-66B763B48B4B



**COSTS AND DELIVERY SCHEDULES:**

| Description | Estimated Delivery | Fee / Cost |
|---|---|---|
| Meeting consultation (1-2 hrs.) | N/A | 250.00                PAID |
| **Legal Services Fee for preparation of evidentiary binder and filing of I-140 Immigrant Petition for Alien Worker** | Due Upon acceptance of the terms of this Engagement Letter | 18000 |
| **Continuation of Legal Services and final preparation of evidentiary binder and filing of I-140 Immigrant Petition for Alien Worker and additional filing forms** | Due 45 days after acceptance of the terms of this Engagement Letter | 4750 |
| **TOTAL HAYMAN-WOODWARD COSTS** | | **23,000.00** |
| USCIS Filing Fees (per family member)*<br>  2   I-485 Filing Fees ($1225.00 per adult applicant)<br>  2   I-485 Filing Fees ($750.00 per child <14 applicant)<br>  X   I-140 Filing Fees ($700.00 for main applicant)<br>*Form I-485 Filing Fees already includes a $85 biometric fee.<br>  0   Consular Processing ($345.00 per applicant) | Upon filing of your application with USCIS | 4,650.00<br><br>**You need to Make Payments with Money Orders or Cashiers Checks Payable <u>directly to</u> <u>US Department of Homeland Security</u>** |
| Total estimated** + up-front costs and time for work completion | Estimated Up to 14 months | 27,650.00 |

\* USCIS fees may vary according to the US Department of Homeland Security's Fee Schedule policy by the time of the petition filing – please check USCIS web site. These costs are NOT included within HAYMAN-WOODWARD PLLC's legal services retainer, and you must pay any and all filing fees directly to US Department of Homeland Security via Cashier's Check or Money Order ONLY.

\*\* All third-party services (i.e.: translations, certifications, evaluations, etc..) needs to be procured by you directly with the service providers and they will be billed to you directly. These services are NOT provided by or billed by HAYMAN-WOODWARD PLLC in any way.

Certain consulting services are provided by our affiliated company, HAYMAN-WOODWARD Corp. and will be invoiced to us. These services will be paid by HAYMAN-WOODWARD PLLC from your retainer payment made to us.

**Legal / Advisory Fees**: Advisory and legal fees payment are due in full and upon acceptance of the terms of this engagement letter. Any and all remaining balances will be billed in accordance to the dates scheduled herein. Acceptance of the terms of this engagement letter, constitutes that client agrees that the attorney's fees are due on its entirety and that the work regarding the case preparation follow-up planning meeting(s) starts at signing of this engagement letters and the attorneys' fees are



DocuSign Envelope ID: 219AFE42-63CB-47F5-8A20-66B763B48B4B



non-refundable unless there is a denial of the immigration case, and the client chooses not to appeal the denial; as per the money-back guarantee clause of the engagement letter.

**Assignment Attorneys**: Client hereby agrees and consents to have the following attorneys as your legal representatives, in charge of your case, whether in whole or in part:

Miguel Risch Esq. – New York Bar Number 5529292      (Miguel.Risch@HW.Legal)
Mark S. Morais Esq. – Florida Bar Number 88751        (Mark.Morais@HW.Legal)
Yasaman Moazami Esq. - Florida Bar Number:1002515   (Yasaman.Moazami@HW.Legal)
Chiara Speziale Esq. – Florida Bar Number: 1003805    (Chiara.Speziale@HW.Legal)
Maria 'Lily' Escobar – Texas Bar Number: 24097666     (Lily.Escobar@HW.Legal)

**Assignment Offices**: Washington, D.C. / New York City, N.Y. / Miami, FL / Rio de Janeiro - Brazil

**Date of Engagement**:  4/10/2018

**Duration of Setup Engagement**: Approximately 14 months. Please note that this is an **estimate** since HAYMAN-WOODWARD PLLC cannot control or be responsible for USCIS deadlines and the above mentioned deadline is an estimate based on previous processes of our Clients filed with USCIS.

**Payment Instructions:**
**Please add a $20.00 wire transfer fee to your payment.**

**\*Preferred Wire Transfer Instructions\***
**Bank:** JP MORGAN CHASE BANK, N.A. - 1450 Brickell Ave Miami FL 33131 - USA
**ABA:** 021000021 (FOR ACH USE ROUTING # 267084131)
**SWIFT:** CHASUS33 (For International Wires Only)\*
**Beneficiary Name:** HAYMAN-WOODWARD PLLC (Law Firm)- Washington, DC
**Beneficiary Account Number:** 930871897

*\* Please contact Accounts Payable (AP@HW.LEGAL) in order to set properly the payment schedule and statements*

**Additional Payment information: As a matter of compliance, we cannot accept cash payments or Personal / Company Checks.**
For your convenience, we can accept your payments via credit cards for a 3% processing fee. Please, contact AP@HW.LEGAL for further information if you decide to pay via credit card.

**Cancellation Policy:** You may cancel this legal/consulting engagement at any time within the first 30 days of the engagement, and your retainer payment will be deducted for any work already performed on your behalf, at an hourly rate of $350.00 per hour per attorney/advisor/consultant. You and HAYMAN-WOODWARD PLLC both may cancel this engagement for any reason or no reason, and both parties hereby agree that the initial payment for engagement fee is due in full, regardless of the cancellation. After the first 30-day period the entire contracted amount is due in full and may not be disputed, cancelled or refunded.

**Money back-guarantee Policy:** <u>The money back guarantee policy only applies for retainers paid on cases fully-submitted to USCIS which were denied. In the event of a denial, you may choose to refile, appeal or reopen your case before USCIS or the Board of Immigration Appeals for no</u>



HAYMAN-WOODWARD PLLC. \*   |   Address: 2200 Pennsylvania Avenue, NW, 4th Floor East, Washington, DC 20037   |   Phone: +1 (202) 753-4133   |   Web: www.HW.Legal
• *Law Firm – Practice Limited to Immigration and Federal Tax Laws*

DocuSign Envelope ID: 219AFE42-63CB-47F5-8A20-66B763B48B4B



additional retainer fee (additional USCIS filing fees will apply); or you may choose to receive a full refund of your retainer fee. HAYMAN-WOODWARD PLLC is not responsible for refunding any USCIS filing fees, as government fees are non-refundable.

**Expenses:** Any additional expense requires pre-approval from our clients in advance and in writing; as well as any additional fees, filing expenses and extra costs of any kind. Nevertheless, it is implicitly acknowledged by both parties that there will be some expenses that are unforeseen in this engagement letter and as such, the responsibility of each of these expenses will be of the client only by his express written approval prior to its incurrence.

<u>CONDITIONS</u>

During this engagement, the client acknowledges that HAYMAN-WOODWARD PLLC may choose to render commercial or professional services either in full or of some limited nature to any person or organization, whether or not for compensation, directly or indirectly, or chose to engage or participate on any business that is competitive in any manner with the business of your company; without the need to obtain the client's prior written consent.

As your attorneys, advisors and consultants, HAYMAN-WOODWARD PLLC's and HAYMAN-WOODWARD CORP's staff will have access to confidential and proprietary information. Therefore, all information obtained in connection with the services rendered, as well as inventions, formulae, processes, products, production techniques or product improvements are considered to be your/your company's property, and protected by attorney-client privilege.

HAYMAN-WOODWARD PLLC's and HAYMAN-WOODWARD CORP's staff and principals, as well as the undersigned client; all understand that this is an at-will engagement. Consequently, this letter is not and should not be considered a contract of employment or consulting services, or a commitment to employment or consulting services for an indeterminate period of time. Both parties may terminate the engagement, at any time, for any reason or no reason with 30 (thirty) days' written notice to each other. The undersigned client further acknowledges that, save and except for unearned legal fees, all payments are non-refundable; in accordance with the foreseen terms on this engagement letter.

This at-will legal services and business advisory engagement arrangement cannot be modified in any way, except by writing, signed by the duly-appointed legal representatives of the aforementioned parties. Further, HAYMAN-WOODWARD PLLC or its affiliates' possible future participation in any form of equity participation on any business of your company, or its business interests, is not to be regarded as assuring HAYMAN-WOODWARD PLLC of continuing engagement for any particular period of time.

The undersigned clients fully acknowledge and agree that HAYMAN-WOODWARD PLLC (or any of its affiliated companies) does not guarantee any result or outcome of any kind for any case, and the client further acknowledges that he/she is solely responsible for obtaining the relevant materials related to the basis of eligibility of his/her case. The Client's failure to obtain the requested materials for the basis of your case after engagement is signed, does not constitute reasonable grounds for a full or partial refund of any advisory and/or legal fees paid.

The undersigned clients hereby release and hold harmless HAYMAN-WOODWARD PLLC, its principals, attorneys directors, staff and any other affiliated company associated with this agreement from any malfeasance, misrepresentation of facts, document fraud, or any items related to the work performed herein contemplated on this enjoyment letter, and further attest that any document provided to HAYMAN-WOODWARD PLLC, its employee's, attorneys, and affiliates in conjunction with the work foreseen by this engagement letter, will be true copies of a legal, unadulterated, and verifiable documentation.

Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be submitted to binding arbitration pursuant to the District of Columbia Bar fee dispute procedures. In addition, any disputes with respect to malpractice shall be submitted to binding arbitration. The location of the arbitration shall be in Washington, DC and the Law of the District of Columbia shall apply. Judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof.

HAYMAN-WOODWARD PLLC and HAYMAN-WOODWARD CORP both collectively and independently reserve the right to decline to work on any client's case, should it deem to be contrary to the interests of each or both firms or if we reasonably believe the case does not have sufficient evidence to warrant a favorable outcome for the undersigned client. In the latter case, the client may be entitled to a prorated refund of any unearned legal fees, unless otherwise stated above. Pursuant to the ethics rules promulgated by the District of Columbia Bar, HAYMAN-WOODWARD PLLC (Law Firm) has agreed to share its fees with HAYMAN-WOODWARD Corp. with respect to this representation.



HAYMAN-WOODWARD PLLC. *   |   Address: 2200 Pennsylvania Avenue, NW, 4th Floor East, Washington, DC 20037   |   Phone: +1 (202) 753-4133   |   Web: www.HW.Legal

• *Law Firm – Practice Limited to Immigration and Federal Tax Laws*

DocuSign Envelope ID: 219AFE42-63CB-47F5-8A20-66B763B48B4B



Your company and HAYMAN-WOODWARD PLLC both reserve the right to engage the services of other professionals should it deem necessary to engage a third-party attorney / consultant during the course of this engagement, it will do so by giving HAYMAN-WOODWARD PLLC proper notice.

We are honored and prepared to serve as your attorneys / consultants/ business advisors. We look forward to working with you and becoming an incredible contributor to you and your future, helping you and your family become financially strong and happy in your newly adopted country.

To indicate your acceptance of this Engagement Letter, you must electronically sign and date this letter in the space provided below.

Sincerely,

Leonardo Freitas
BUSINESS MANAGING PARTNER
HAYMAN-WOODWARD PLLC – *IMMIGRATION AND FEDERAL TAX LAW FIRM*

ACCEPTANCE:
I HAVE READ THE FOREGOING ENGAGEMENT LETTER AND FULLY AGREE WITH THE TERMS AND CONDITIONS OF HAYMAN-WOODWARD PLLC'S SERVICES, BEGINNING ON 4/11/2018.

Client's Signature  _Rianne Steidl_ (DocuSigned by: 81E0A279A9AC434...)   Date 4/11/2018

HAYMAN-WOODWARD PLLC. *   |   Address: 2200 Pennsylvania Avenue, NW, 4th Floor East, Washington, DC 20037   |   Phone: +1 (202) 753-4133   |   Web: www.HW.Legal

- *Law Firm – Practice Limited to Immigration and Federal Tax Laws*