ADAM GORDON
United States Attorney
CINDY M. CIPRIANI
California State Bar No. 144402
ERIN M. DIMBLEBY
California State Bar No. 323359
Assistant U.S. Attorneys
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 546-9608/6987
Facsimile: (619) 546-7751
Email: cindy.cipriani@usdoj.gov
Email: erin.dimbleby@usdoj.gov

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIANNE EVELYN HERCULAN FAUSTINO STEIDL,<br><br>                Plaintiff,<br><br>       v.<br><br>KRISTI NOEM, *U.S. Dept of Homeland Security;* JOSEPH B. EDLOW, *Director, U.S. Citizenship and Immigration Services*; CONNIE NOLAN, *Associate Director, Service Center Operations Directorate*,<br><br>                Defendants. | Case No.: 25-cv-02905-GPC-DDL<br><br>**DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>**Date: December 19, 2025**<br>**Time: 2:30 p.m.**<br>**Ctrm: 12A**<br>**Judge: Hon. Gonzalo Curiel** |

# I

# INTRODUCTION

Plaintiff's TRO motion and APA lawsuit present a straightforward jurisdictional question. Under 8 U.S.C. § 1252(a)(2)(B)(i), district courts are precluded from reviewing agency decisions related to an agency's adjustment of status denial. *Patel v. Garland*, 596 U.S. 328, 142 S.Ct. 1614 (2022); *Nakka v. United States Citizenship & Immigr. Servs.,* 111 F.4th 995 (9th Cir. 2024). This jurisdiction-stripping statute provides that "no court shall have jurisdiction to review-- (i) any judgment regarding the granting of relief under section ... 1255 of this title ...." 8 U.S.C. § 1252(a)(2)(B)(i). Because Plaintiff challenges an adjustment of status denial under § 1255, she plainly falls within § 1252(a)(2)(B)(i), and this court thus lacks jurisdiction to review her case.

Plaintiff asserts the court can entertain this matter because it presents "a mixed question of law and fact." ECF No. 18 at 4. But *Patel* precludes district court review of "all kinds of agency decisions that result in the denial of relief—whether they be discretionary or nondiscretionary, legal or factual." *Abuzeid v. Mayorkas*, 62 F.4th 578, 584 (D.C. Cir. 2023). Plaintiff is restricted to raising her concerns in Immigration Court, following which she can seek review by the Board of Immigration Appeals (BIA) and the Ninth Circuit. There is simply no authority for the district court to exercise jurisdiction. This likely explains why Plaintiff's Supplemental Brief fails to cite any post-*Patel* cases allowing district court review of an adjustment of status denial.

Because the court lacks jurisdiction, it need not and should not decide whether the Plaintiff's period of unlawful status should be excused because she allegedly relied through "no fault of her own" on a non-attorney's advice.

For the reasons discussed below, the instant motion should be denied.

# II

# JUDICIAL REVIEW IS BARRED

## A. 8 U.S.C. § 1252(a)(2)(D) does not apply here

Plaintiff asserts that despite the jurisdictional bar outlined in *Patel,* Section 1252(a)(2)(D) allows the court to consider "mixed questions of law and fact" regarding the agency's reason for denying adjustment of status. Supp. Brief, ECF No. 18 at 4. Her argument is unavailing. Section 1252(a)(2)(D) permits judicial review of constitutional claims or questions of law only by an "appropriate court of appeals," and only "upon a petition for review" from a final order of removal. See *Garcia v. United States Citizenship and Immigration Services*, 146 F.4th 743 (9th Cir. 2025) (affirming dismissal of complaint; review of discretionary denial of adjustment of status "may only be raised through the petition for review process that "begins with proceedings before an immigration judge, not a district court"); *Hassan v. Chertoff*, 543 F.3d 564, 566 (9th Cir. 2008) (Section 1252(a)(2)(D) ruled inapplicable where plaintiff's "challenge to the denial of adjustment was not raised upon a petition for review filed with th[e] court [of appeals]" but instead "on direct appeal from the district court").[1] Tellingly, Plaintiff's own brief recognizes that jurisdiction falls within the Circuit Court's purview. (Supp. Brief, ECF No. 18 at 4-5 ("[t]*he Ninth Circuit* has jurisdiction to review USCIS's denial of the I-485 application of "no fault of her own" exception") (emphasis added).

Recognizing the jurisdictional bar discussed in *Patel*, district courts routinely refuse to consider claims involving adjustment of status denials, whether styled as equitable relief motions or APA claims. *See generally Khakshouri v. Garland*, No. CV 22-8508 PA (MRWX), 2023 WL 3432245, at *4 (C.D. Cal. Mar. 23, 2023) (concluding, based on *Patel,* that § 1252(a)(2)(B)(i) deprived it of jurisdiction to consider a challenge to denial of application for adjustment of status); *Kiselev v.*

---

[1] While *Nakka* suggested a hypothetical exception may exist for review of policy-oriented collateral challenges, it does not apply to individual denials of discretionary relief like the one presented here. *Nakka*, 111 F.4th at 1005. Courts have yet to apply this narrow exception, which the Ninth Circuit subsequently questioned and criticized in *Garcia v. United States Citizenship and Immigration Services. See Garcia*, 146 F.4th at 757-761.

*Jaddou*, CV 24- 02673-JDE, 2025 WL 1841870 at *2 (C.D. Cal. June 13, 2025) (dismissing adjustment of status claim for lack of jurisdiction under 8 U.S.C. § 1252(a)(2)(B)(i)). Notably, none of Plaintiff's three briefs include a single post-*Patel* case wherein a district court exercised jurisdiction to second-guess an agency's adjustment of status denial. This is not surprising, as this is precisely the kind of review *Patel* flatly prohibits. Plaintiff's effort to dodge a clear jurisdictional hurdle by rebranding her claim as a "question of law" or "mixed question of law and fact" is a smokescreen for the relief she is really seeking: district court review of USCIS's denial of status adjustment. *Torres-Aguilar v. I.N.S.,* 246 F.3d 1267, 1271 (9th Cir. 2001) (plaintiff may not "circumvent clear congressional intent to eliminate judicial review over discretionary decisions through the facile device of re-characterizing an alleged abuse of discretion as a 'due process' violation").

### B. The Court Should Not Consider the "No Fault of her Own" Argument.

Relying on *Peters v. Barr*, 954 F.3d 1238 (9th Cir. 2020), Plaintiff urges this court to overturn the adjustment of status decision and find Plaintiff's lapse in lawful status was excused due to her reliance on a non-attorney's incorrect advice. But *Peters* is not procedurally analogous to the instant case. There, as contemplated by the governing statute, the Ninth Circuit appropriately obtained and exercised jurisdiction of the agency's adjustment of status decision *after* removal proceedings before an immigration judge *and* a BIA decision. *Peters*, 954 F.3d at 1241-1242 (outlining procedural history). Accordingly, the jurisdictional bar preventing review here did not exist in *Peters*.

Given the procedural stance of the instant case, this court should not consider Plaintiff's argument that her lapse in legal status was excused as doing so would result in the court evaluating a decision over which it has no jurisdiction. Plaintiff is free to pursue her "no fault of her own" argument in the same fashion as the *Peters* plaintiff: first, before an IJ, then on appeal to the BIA, and then on to the Ninth Circuit.

While the court need not reach the factual merits of the excuse argument, it should

3

be noted that the law does not favor Plaintiff. In the immigration context, courts recognize a "crucial difference" between attorneys and immigration consultants. *See Monjaraz–Munoz v. INS*, 327 F.3d 892, 897 (9th Cir. 2003). Courts thus treat reliance on a non-attorney representative differently than reliance on counsel. *See generally, Singh–Bhathal v. INS*, 170 F.3d 943 (9th Cir.1999) (reliance on mistaken advice of non-attorney immigration consultant was insufficient to demonstrate "exceptional circumstances" necessary for reopening an in absentia deportation order). As the Ninth Circuit recognized in *Hernandez v. Mukasey*, 524 F.3d 1014, 1018 (9th Cir. 2008):

> [N]on-attorney immigration consultants simply lack the expertise and legal and professional duties to their clients that are the necessary preconditions for ineffective assistance of counsel claims. *If an individual chooses not to retain an attorney, and instead knowingly relies on assistance from individuals not authorized to practice law, such a voluntary choice will not support a due process claim based on ineffective assistance of counsel.*

*Hernandez*, 524 F.3d at 2018 (emphasis added).

To the extent Plaintiff can present a compelling case for relying on the advice of a non-attorney, that argument is best reserved for a forum with jurisdiction.

## IV
## CONCLUSION

There is no pathway to district court review of the agency's adjustment of status denial. The Court should both deny this motion and decline to exercise jurisdiction over the APA claim.

DATED: December 17, 2025

Respectfully submitted,

ADAM GORDON
United States Attorney

*s/ Cindy M. Cipriani*
CINDY M. CIPRIANI
Assistant United States Attorney
Attorney for Respondents