UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIANNE EVELYN HERCULANO FAUSTINO STEIDL<br>3114 Ashland Ln N,<br>Kissimmee, FL 34741,<br><br>Plaintiff,<br><br>v.<br><br>KRISTI NOEM, SECRETARY, U.S. DEPT. OF HOMELAND SECURITY<br>C/O Office of The General Counsel<br>2707 Martin Luther King Jr. Ave, Se<br>Washington, Dc 20528-0485<br>AND JOSEPH B. EDLOW, DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES<br>C/O Office of the Chief Counsel<br>5900 Capital Gateway Dr., Mail Stop 2120 Camp Springs, MD 20588<br>AND CONNIE NOLAN, ASSOCIATE DIRECTOR, SERVICE CENTER OPERATIONS DIRECTORATE,<br>C/O Office of Chief Counsel<br>5900 Capital Gateway Drive<br>Mail Stop 2120<br>Camp Springs, Md 20588-0009<br>Defendants. | Case No.:  25cv2905-GPC(DDL)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>[Dkt. No. 5.] |

Before the Court is Plaintiff's motion for temporary restraining order enjoining Defendants from seeking to enforce their decision denying her I-485 Application to Register Permanent Residence or Adjust Status. (Dkt. No. 5.) Defendants filed a response on November 21, 2025. (Dkt. No. 13.) Plaintiff filed her reply on November 24, 2025. (Dkt. No. 16.) A hearing was held on December 5, 2025. (Dkt. No. 17.) After hearing oral argument, the Court granted Plaintiff leave to file a supplemental brief and declaration. (*Id.*) On December 12, 2025, Plaintiff filed a supplemental brief with attached documents. (Dkt. No. 18.) Defendants filed a response on December 17, 2025. (Dkt. No. 19.) Based on the reasoning below, the Court DENIES Plaintiff's motion for temporary restraining order and DISMISSES the action for lack of subject matter jurisdiction.

## Background

On October 27, 2025, Plaintiff Rianne Evelyn Herculano Faustino Steidl ("Plaintiff") filed a complaint for declaratory and injunctive relief alleging claims under the Administrative Procedures Act ("APA") and due process clause of the United States Constitution against Defendants Secretary of the Department of Homeland Security, the Director of United States Citizenship and Immigration Services ("USCIS"), and the Associate Director of USCIS Service Center Operations Directorate (collectively "Defendants"). (Dkt. No. 1, Compl.)

Plaintiff was lawfully admitted in the United States on January 24, 2016 on F1 status, or a student visa which authorized her to remain in the United States during her studies. (Dkt. No. 13-1, Ds' NOL, Ex. 1 at 5.) Her student program began on February 16, 2016 and ended on February 16, 2019. (*Id.*)

In 2018, Plaintiff hired Hayman Woodward to guide her through the immigration process. (Dkt. No. 18, Suppl. Brief, Ex. 1, Suppl. Steidl Decl. ¶ 2.) On August 3, 2018,

Plaintiff filed an I-140 EB-2 visa application seeking a "national interest" waiver of job offer and labor certification requirements and to be classified as a member of a profession holding an advanced degree or an alien of exceptional ability. (Dkt. No. 13-1, Ds' NOL, Ex. 1 at 5; Dkt. No. 5-1, Steidl Decl. ¶ 2.) Concurrently, she also filed a Form-I-485 Application to Register Permanent Residence or Adjust Status ("Form I-485 Application") seeking lawful permanent resident status. (Dkt. No. 13-1, Ds' NOL, Ex. 1 at 5-6; Dkt. No. 5-1, Steidl Decl. ¶ 2.)

During the pendency of her first application and under the guidance of prior counsel, Plaintiff traveled abroad on January 31, 2019, pursuant to a grant of advance parole based on her pending Form I-485 Application and returned on February 4, 2019. (Dkt. No. 5-1, Steidl Decl. ¶ 4.; Dkt. No. 13-1, Ds' NOL, Ex. 1 at 6.) Her student visa expired 12 days later on February 16, 2019. She states she has continuously remained in lawful presence since February 16, 2019.[1] (Dkt. No. 5-1, Steidl Decl. ¶ 4.)

On October 16, 2020, USCIS denied the I-140 petition because she did not merit a national interest waiver, and subsequently denied the Form I-485 Application on May 2 or 5, 2025. (Dkt. No. 13-1, Ds' NOL, Ex. 1 at 6; *id.*, Ex. 2 at 15; Dkt. No. 5-1, Steidl Decl. ¶ 3.)

Relying on guidance from her prior counsel. Plaintiff filed a second I-140 EB-2 visa petition and a second Form I-485 Application on January 25, 2021.[2] (Dkt. No. 5-1, Steidl Decl. ¶ 5; Dkt. No. 13-1, Ds' NOL, Ex. 1 at 3, 6.) On May 24, 2023, USCIS approved the second I-140 petition. (Dkt. No. 5-1, Steidl Decl. ¶ 5; Dkt. No. 13-1, Ds' NOL, Ex. 1 at 6.) On July 16, 2024, USCIS denied Plaintiff's second Form I-485 due to her failure to maintain lawful status. (Dkt. No. 5-1, Steidl Decl. ¶ 5; Dkt. No. 13-1, Ds'

---

[1] According to the USCIS denial, during the pendency of her second I-485 application, Plaintiff departed the United States on December 22, 2023 and returned on December 26, 2023 with a valid advanced parole document. (Dkt. No. 13-1, Ds' NOL, Ex. B at 14.)

[2] The July 16, 2024 Decision states that her second Form I-485 Application was filed on June 25, 2021, (Dkt. No. 13-1, Ds' Nol, Ex. 1 at 3, 6), while Plaintiff's declaration states she filed it on January 25, 2021. (Dkt. No. 5-1, Steidl Decl. ¶ 5.)

NOL, Ex. 1 at 3-8.)   She asserts the denial of her second Form I-485 Application was due to erroneous legal advice and improper representation and not through any fault of her own.  (Dkt. No. 5-1, Steidl Decl. ¶ 5.)  Plaintiff claims her former representative was not an attorney and failed to advise her about maintaining her nonimmigrant status and she has submitted documentation and complaints showing that her failure to maintain status was due to ineffective and improper assistance.[3]  (*Id.* ¶ 6.)  On August 9, 2024, Plaintiff's prior counsel filed a Form I-290B motion to reopen or reconsider which was denied on August 22, 2024.  (Dkt. No. 1, Compl. ¶ 29.)

On September 19, 2024, Plaintiff filed another Form I-485 Application and on February 11, 2025, USCIS issued a Notice of Intent to Deny.  (Dkt. No. 1, Compl. ¶ 30; Dkt. No. 13-1, Ds' NOL, Ex. 2 at 11.)  Plaintiff's prior counsel responded to the NOID on March 13, 2025 but on May 5, 2025, USCIS issued a notice of decision denying the I-485 Application stating that Plaintiff was barred from adjustment of status because she failed to maintain continuous lawful immigration status.  (Dkt. No. 1, Compl. ¶ 30; Dkt. No. 13-1, Ds' NOL, Ex. 2 at 11-17.)

Plaintiff states that her husband Edson Steidl is the beneficiary of the pending Form I-485 Application and due to USCIS's most recent denial, he lost his employment authorization and can no longer work lawfully.  (Dkt. No. 5-1, Steidl Decl. ¶ 7.)  Her family has lost their primary sources of income.  (*Id.*)  On October 21, 2025, Plaintiff received notice from USCIS that her and her husband's Forms I-765, Application for Employment Authorization were revoked effectively immediately.  (*Id.* ¶ 9.)  Plaintiff and her family have been accruing unlawful presence since May 5, 2025 and have until November 1, 2025 to leave the United States without being inadmissible to the United States for three years.  (*Id.* ¶ 14.)

/ / /

---

[3] Plaintiff has not submitted the documents she presented to USCIS.

## Discussion

### A. Legal Standard on TRO

The purpose of a TRO is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974). The legal standard that applies to a motion for a TRO is the same as a motion for a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.,* 240 F.3d 832, 839 n. 7 (9th Cir. 2001). To obtain a TRO or preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in the moving party's favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief," *Winter*, 555 U.S. at 22, and the moving party bears the burden of meeting all four *Winter* prongs. *See DISH Network Corp. v. FCC*, 653 F.3d 771, 776-77 (9th Cir. 2011).

Under the Ninth Circuit's "sliding scale" approach, the first and third elements are to be balanced such that "serious questions" going to the merits and a balance of hardships that "tips sharply" in favor of the movant are sufficient for relief so long as the other two elements are also met. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011).

### B. Likelihood of Success on the Merits

#### 1. Subject Matter Jurisdiction under 8 U.S.C. § 1252(a)(2)(B)(i)

Plaintiff argues she will likely succeed on the merits because USCIS's denial of her Form I-485 Application was arbitrary, capricious and contrary to law in violation of the APA and deprived her due process rights under the Fifth Amendment. (Dkt. No. 5 at

13.[4]) Defendants respond that Plaintiff will not succeed on the merits of her two claims because the Court lacks jurisdiction over the agency's adjustment of status decision under 8 U.S.C. § 1252(a)(2)(B)(i). (Dkt. No. 13 at 10.) Plaintiff replies that 8 U.S.C. § 1252(a)(2)(B)(i) does not deprive the Court of jurisdiction over purely legal and constitutional claims, and if not, the Court has jurisdiction under 8 U.S.C. § 1252(a)(2)(D). (Dkt. No. 16 at 5-6.) In her supplemental brief, Plaintiff appears to concede that 8 U.S.C. § 1252(a)(2)(B)(i) does not provide the Court with jurisdiction but argues that 8 U.S.C. § 1252(a)(2)(D) "explicitly preserves judicial review for constitutional claims and questions of law." (Dkt. No. 18 at 4.)

The relevant jurisdictional provision of the Immigration and Nationality Act ("INA"), 8 U.S.C. 1252(a)(2)(B)(i), provides,

> [n]otwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and *regardless of whether the judgment, decision, or action is made in removal proceedings*, *no court shall have jurisdiction to review--(i) any judgment regarding the granting of relief* under section 1182(h), 1182(i), 1229b, 1229c, or *1255* of this title, . . .

8 U.S.C. § 1252(a)(2)(B)(i) (emphasis added). In this case, Plaintiff sought an adjustment of status under § 1255(c)(2).

This case is governed by *Patel,* where the United States Supreme Court analyzed and held that § 1252(a)(2)(B)(i) deprives the federal courts of subject matter jurisdiction over all judgments related to the denial of adjustment of status under 8 U.S.C. § 1255 and the provision's jurisdictional bar "does not restrict itself to certain kinds of decision." *Patel v. Garland*, 596 U.S. 328, 338 (2022). In *Patel,* the plaintiff's application for adjustment of status under section § 1255(i) was denied because he made a false claim of U.S. citizenship on his application for driver's license, and later placed in removal

---

[4] Page numbers are based on the CM/ECF pagination.

proceedings. *Patel,* 596 U.S. at 333-34. The Immigration Judge ("IJ") ruled that he was ineligible due to his false claim to U.S. citizenship, and the Board of Immigration Appeals dismissed Patel's appeal concluding the IJ's factual findings were not clearly erroneous. *Id*. at 334. On appeal, the Eleventh Circuit held that it lacked jurisdiction to consider Patel's claim, because 8 U.S.C. § 1252(a)(2)(B)(i) prohibits judicial review of "any judgment regarding the granting of relief" under § 1255. *Id.* at 335.

The Supreme Court affirmed holding that § 1252(a)(2)(B)(i) "prohibits review of *any* judgment *regarding* the granting of relief under § 1255 and the other enumerated provisions." *Id.* at 338 (emphasis in original). The Court explained that "any" has an "expansive meaning" and in this statute, "any" applies to judgments "of whatever kind" under section 1255. *Id.* The Court also noted that "regarding" "has a broadening effect, ensuring that the scope of a provision covers not only its subject but also matters relating to that subject[]"; therefore, "§ 1252(a)(2)(B)(i) encompasses not just 'the granting of relief' but also any judgment *relating to* the granting of relief. That plainly includes factual findings." *Id.* at 339 (emphasis in original). Other circuit courts have held that "*Patel* precludes review of all kinds of agency decisions that result in the denial of relief — whether they be discretionary or nondiscretionary, legal or factual." *Abuzeid v. Mayorkos*, 62 F.4th 578, 584, 585 (D.C. Cir. 2023) ("We recognize that our interpretation of § 1252(a)(2)(B)(i) leaves no path for judicial review of denials of adjustment of status by USCIS. That result is dictated by the plain meaning of the statute and by the reasoning of *Patel*."); *Figueroa Ochoa v. Garland*, 91 F.4th 1289, 1293 (9th Cir. 2024) ("We therefore may not review any factual determinations 'relating to' the granting or denying of the discretionary relief that [the petitioner] sought.").

Rather, "§ 1252(a)(2)(B)(i) and (D)[5] channel review of [an applicant's] legal and constitutional challenges to that denial into a petition for review from a final order of

---

[5] "Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional

removal." *Nakka v. United States Citizenship & Immigr. Servs.*, 111 F.4th 995, 999 (9th Cir. 2024); *Garcia v. United States Citizenship & Immigr. Servs.*, 146 F.4th 743, 748 (9th Cir. 2025) (recognizing that § 1252(a)(2)(B)(i) is a jurisdiction-stripping and channeling provision stating that "§ 1252(a)(2)(B)(i) eliminates jurisdiction in the district courts and routes claims into the limited review process provided in § 1252(a)(2)(D)."). In *Nakka*, the Ninth Circuit confirmed that § 1252(a)(2)(B)(i) strips the court of jurisdiction to review all types of "judgments that an agency adjudicator makes when deciding whether to grant or deny an individual application for discretionary relief." *Id.* at 1003.[6]

Even though the *Patel* case involved a removal proceeding, the Ninth Circuit has held that § 1252(a)(2)(B)(i) strips the district courts of jurisdiction to consider the agency's denial of relief under § 1255 including those made outside of removal proceedings. *Nakka*, 111 F.4th at 1008, 1013-14 ("both the denial order and the policy challenges would be reviewable on a petition for review from a final removal order under § 1252(a)(2)(D), even if the agency denied relief when the petitioner had lawful status and was not in removal proceedings."). As one district court noted, "[e]very Court of Appeals that has considered the issue has concluded that judicial review of adjustment of status determinations made by USCIS outside of the removal context is barred." *Akinmulero v. Dep't of Homeland Sec.*, Case No. C20-1135RSL, 2023 WL 3058014, at *1 (W.D. Wash. April 24, 2023); (citing *Abuzeid v. Mayorkas*, 62 F.4th 578 (D.C. Cir. 2023); *Britkovyy v. Mayorkas*, 60 F.4th 1024 (7th Cir. 2023); *Doe v. Sec'y, U.S. Dep't of Homeland Sec.*, No. 22-11818, 2023 WL 2564856 (11th Cir. Mar. 20, 2023)).

---

claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." 8 U.S.C. § 1252(a)(2)(D).

[6] Not relevant in this case, *Nakka* noted that *Patel*'s ruling was narrow and held that § 1252(a)(2)(B)(i) preserved "general collateral challenges to agency policies," which it defined as claims that "challenge generally applicable agency policies without referring to or relying on denials of individual applications for relief." *Nakka*, 111 F.4th at 999.

Similar to *Patel,* Plaintiff filed a Form I-485 Application under § 1255 but in this case, she relied on § 1255(c)(2). An application for adjustment of status is governed by 8 U.S.C. § 1255(a), which provides:

> The status of an alien who was inspected and admitted or paroled into the United States … may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

8 U.S.C. § 1255(a). The INA places certain restrictions on the agency's authority to grant an adjustment of status providing that § 1225(a) shall not apply to:

> (2) an alien . . . who hereafter continues in or accepts unauthorized employment prior to filing an application for adjustment of status or who is in unlawful immigration status on the date of filing the application for adjustment of status or *who has failed (other than through no fault of his own or for technical reasons) to maintain continuously a lawful status since entry into the United States* . . . .

8 U.S.C. § 1255(c)(2) (emphasis added). In other words, as applicable to this case, the INA dictates that anyone who has failed to maintain lawful immigration status continuously since entering the United States is ineligible to become a lawful permanent resident unless it was "through no fault of [her] own or for technical reasons. *See id.*

Plaintiff argues that she is not challenging USCIS's discretionary judgment but whether it correctly applied its own regulations concerning the "no fault of her own" exception, and further contends that § 1252(a)(2)(D) provides the Court with jurisdiction.[7] (Dkt. No. 16 at 7; Dkt. No. 18 at 4.) However, both arguments have been foreclosed by *Patel* and the INA. First, all questions of fact and law challenging the

---

[7] Plaintiff relies on pre-*Patel* precedent and does not address the impact of *Patel* and post-*Patel* caselaw to her case. (See Dkt. No. 16 at 5-7.)

agency's decisions under § 1255 are barred by § 1252(a)(2)(B)(i). *See Patel*, 596 U.S. at 339; *Abuzeid*, 62 F.4th at 583-84 (rejecting appellant's argument that "the ultimate exercise of discretion may be unreviewable, the issue of eligibility, rather than the favorable exercise of discretion, is a question of law that is subject to review"). Therefore, Plaintiff's challenge is not subject to judicial review pursuant to § 1252(a)(2)(B)(i).

Second, despite the jurisdiction stripping provision of § 1252(a)(2)(B)(i), judicial review of a denial of adjustment of status is "reviewable only if presented in a petition for review from a final order of removal" under § 1252(a)(2)(D). *See Nakka*, 111 F.4th at 1014-15. However, the INA empowers the courts of appeals, not the district courts, to review "constitutional claims or questions of law raised upon a petition for review" of removal orders. *See* 8 U.S.C. § 1252(a)(2)(D) ("Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an *appropriate court of appeals* in accordance with this section.") (emphasis added); *see Patel*, 596 U.S. at 345-46; *Khakshouri v. Garland*, Case No. CV 22-8508 PA (MRWx), 2023 WL 3432245, at *3 (C.D. Cal. Mar. 23, 2023) (§ 1252(a)(2)(D) allows the court of appeals, not the district courts to review constitutional or legal claim challenging removal orders). As such, this Court does not have jurisdiction to consider any legal or constitutional challenges under § 1252(a)(2)(D).

For those reasons, the Court lacks jurisdiction over Plaintiff's claims under the APA and the due process clause. *See Patel,* 596 U.S. at 339 (constitutional challenges limited to § 1252(a)(2)(D) before the court of appeal); *Nakka*, 111 F.4th at 1015 ("district courts lack jurisdiction to hear plaintiffs' challenges to USCIS's denials of their applications for adjustment of status, even though plaintiffs challenged those denials as arbitrary and capricious under the APA"); *Abuzeid*, 62 F.4th at 583 ("Consideration of appellants' APA claim is foreclosed by a straightforward application of §

1252(a)(2)(B)(i)[.]"); *Britkovyy*, 60 F.4th at 1028 ("[Section] 1252(a)(2)(B)(i) is an immigration-specific jurisdictional limitation that trumps the APA's general grant of judicial review and deprives the federal courts of jurisdiction over this case."); *Zhuravleva v. Alfonso-Royals*, CIVIL ACTION NO. 3:25-CV-00490-KDB-SCR, 2025 WL 2807019, at *3 (W.D.N.C. Sept. 26, 2025) (court lacked jurisdiction over plaintiff's claim challenging agency determination under § 1255(c)); *Khakshouri*, 2023 WL 3432245, at *1, 4 (court lacked jurisdiction over Plaintiff's APA challenge regarding the denial of his application for adjustment of statute based on § 1255(c)(2)'s "through no fault of his or her own or for technical reasons"); *Fernandes v. Miller*, Case No. 22-cv-12335, 2023 WL 1424171, at *3-4 (D. Mich. Jan. 31, 2023) (court lacked jurisdiction to challenge adjustment of status application "through no fault of your own" under APA).

As such, Plaintiff has failed to demonstrate a likelihood of success on the merits. Because Plaintiff has failed to satisfy this factor, the Court need not consider the other *Winter* factors. *See Dish Network Corp.*, 653 F.3d at 776-77. Accordingly, the Court DENIES Plaintiff's motion for temporary restraining order.

Because the Court lacks subject matter jurisdiction over the case, the Court also DISMISSES the case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the Court finds that it lacks subject matter jurisdiction at any time, it must dismiss the action.").

## Conclusion

Based on the reasoning above, the Court DENIES Plaintiff's motion for temporary restraining order and DISMISSES the case for lack of subject matter jurisdiction. The hearing set for December 19, 2025 shall be **vacated.**

IT IS SO ORDERED.

Dated: December 18, 2025

Hon. Gonzalo P. Curiel
United States District Judge